**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Gloria Hector,<br><br>    Plaintiff,<br><br>v.<br><br>Comenity LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 1:14-cv-10008<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Gloria Hector, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Gloria Hector ("Plaintiff"), is an adult individual residing in Cambridge, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Comenity LLC ("Comenity"), is a Ohio business entity with an address of 1300 East Ninth Street, Cleveland, Ohio 44114, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Does 1-10 (the "Agents") are individual agents employed by Comenity and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Comenity at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last four years, Comenity contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

8. At all times mentioned herein, Comenity contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 781-xxx-1425, using an automated telephone dialer system ("ATDS") with an artificial or prerecorded voice.

9. When Plaintiff answered ATDS calls from Comenity, she would hear a prerecorded message instructing her to stay on the line, until she could be connected to a live operator.

10. During a communication between Plaintiff and Comenity in March or April 2013, after Plaintiff had been connected to a live representative, she requested that Comenity cease calling her cellular telephone attempting to collect.

11. Despite Plaintiff's request, Comenity continued to place ATDS calls Plaintiff's cellular phone over one hundred times after she originally requested the calls cease. Comenity's excessive calls have caused Plaintiff significant inconvenience and concern.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

14. Plaintiff revoked her consent to be contacted by Defendants on her cellular telephone by her demand to cease calling her cellular telephone.

15. Regardless, Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

19. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

24. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

25. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

26. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

28. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 2, 2014

>Respectfully submitted,
>
>By  */s/ Sergei Lemberg*
>
>Sergei Lemberg (BBO# 650671)
>LEMBERG LAW, L.L.C.
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile:  (203) 653-3424
>Attorneys for Plaintiff